IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| SOVERAIN IP, LLC, | § | |
| | § | |
| v. | § | Case No. 2:17-CV-00293-RWS-RSP |
| | § | |
| AT&T, INC., AT&T SERVICES, INC. | § | |

**REPORT AND RECOMMENDATION**

Defendants AT&T Inc. and AT&T Services, Inc. ("AT&T Services") move to dismiss the patent infringement complaint filed by Soverain IP, LLC ("Soverain") for improper venue. Dkt. 18. There is no dispute that both AT&T defendants are incorporated, and hence "reside," in Delaware for purposes of 28 U.S.C. § 1400(b). Compl. ¶¶ 31-32, Dkt. 1. The second prong of § 1400(b) requires a "regular and established place of business," which must be (1) "a physical place in the district," (2) that is "a regular and established place of business," and (3) "it must be the place of the defendant." *In re Cray Inc.*, No. 2017-129, 2017 WL 4201535, at *4 (Fed. Cir. Sept. 21, 2017).

These three requirements have not been met for AT&T Inc. A declaration submitted by Gary Long, an AT&T Accounting executive, states the following. *See* Dkt. 18-1. AT&T Inc. "is and always has been a holding company." Long Decl. ¶ 2, Dkt. 18-1. AT&T Inc. is a "legally and factually separate corporate entity, distinct from its subsidiaries." *Id.* ¶ 4. Each subsidiary "maintains its own independent corporate, partnership, or limited liability company status, identity, and structure." *Id.* AT&T Inc. does not have a place of business or any presence in the Eastern District of Texas. *Id.* ¶ 5.

Soverain does not dispute Mr. Long's declaration. Rather, Soverain contends that AT&T Services and AT&T Inc. should be considered a single entity for purposes of venue, and because

1

venue is allegedly proper for AT&T Services, it is also proper for AT&T Inc. *See* Dkt. 22 at 10-13. This argument is not persuasive. For any "regular and established place of business" of AT&T Services to be imputed to AT&T Inc., AT&T Services and AT&T Inc. must lack formal corporate separateness, which is a difficult standard to meet:

> [W]hen separate, but closely related, corporations are involved . . . the rule is similar to that applied for purposes of service of process. So long as a formal separation of the entities is preserved, the courts ordinarily will not treat the place of business of one corporation as the place of business of the other. On the other hand, if the corporations disregard their separateness and act as a single enterprise, they may be treated as one for purposes of venue.

Federal Practice & Procedure § 3823 & nn.24-26 (citations omitted). In *Cannon Manufacturing Co. v. Cudahy Packing Co.*, the Supreme Court held that even if a parent corporation controls a subsidiary's operations and the companies share a unitary business purpose, the subsidiary's presence in a venue cannot be imputed to the parent absent disregard for corporate separateness. *See* 267 U.S. 333, 334-35 (1925); *see also Manville Boiler Co., Inc. v. Columbia Boiler Co.*, 269 F.2d 600, 606-07 (4th Cir. 1959); *Symbology Innovations, LLC, v. Lego Systems, Inc.*, No. 2:17-CV-86, 2017 WL 4324841 (E.D. Va. Sept. 28, 2017).

Even if venue-related discovery revealed an interdependence between AT&T Services and AT&T Inc., as Soverain suggests, this would not be sufficient to impute any AT&T Services place of business to AT&T Inc. Mr. Long's sworn declaration states that corporate form has not been disregarded, and Soverain has not come forward with any reason why this statement is inaccurate. Rather, Soverain's contentions, even if all established as true, would not be sufficient to treat the two corporations as one. Accordingly, AT&T Inc. must be dismissed.

AT&T Services, in contrast to AT&T Inc., has not established that venue is improper. AT&T Services' basis for improper venue is that Soverain has not adequately pleaded venue-related facts, namely "acts of infringement" in the district. *See* Dkt. 18 at 5-6; § 1400(b). Because the burden of establishing improper venue lies with the defendant, however, Soverain's allegations in the complaint are taken as true unless controverted by affidavits, declarations, or other evidence. *See, e.g.*, *Soverain IP, LLC v. Apple, Inc.*, 2:17-cv-207-RWS-RSP (E.D. Tex. July 25, 2017) ("Because an objection to venue is a personal privilege that offers protection from inconvenience, the burden of establishing improper venue lies with the defendant."). By pointing only to the deficiencies in Soverain's complaint, AT&T Services has not met its burden.

Accordingly,

It is **RECOMMENDED**:[2]

(1) The AT&T defendants' motion to dismiss, Dkt. 18, should be granted in part and denied in part.

(2) As to AT&T Inc., the motion should be granted. AT&T Inc. should be dismissed.

(3) As to AT&T Services, the motion should be denied.

**SIGNED this 31st day of October, 2017.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE

---

[2] A party's failure to file written objections to the findings, conclusions, and recommendations contained in this report within fourteen days after being served with a copy shall bar that party from de novo review by the district judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings, and legal conclusions accepted and adopted by the district court. Fed. R. Civ. P. 72(b)(2); *see Douglass v. United Servs. Auto. Ass'n.*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).