IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| SOVERAIN IP, LLC, | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. 2:17-CV-00293-RWS |
| | § | |
| v. | § | |
| | § | |
| AT&T, INC., AT&T SERVICES, INC., | § | |
| | § | |
| Defendants. | § | |

## ORDER ADOPTING REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

The above-entitled and numbered civil action was referred to United States Magistrate Judge Roy S. Payne pursuant to 28 U.S.C. § 636. Now before the Court is Judge Payne's Report and Recommendation (Docket No. 34), which recommends the Court grant-in-part and deny-in-part Defendants AT&T Inc. and AT&T Services, Inc.'s Motion to Dismiss for Improper Venue Under Rule 12(b)(3) (Docket No. 18). Specifically, the Magistrate Judge recommends that AT&T Inc. be dismissed for improper venue, and that the motion be denied as to AT&T Services, Inc. Soverain IP, LLC ("Soverain") filed objections (Docket No. 35) and AT&T, Inc. filed a response (Docket No. 36).[1] Having considered the parties' arguments and having made a *de novo* review of the Report and Recommendation, the Court concludes that the findings and conclusions of the Magistrate Judge are correct. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(C).

In its objections, Soverain argues that the Magistrate Judge should have disregarded corporate form when considering whether AT&T Services' physical place of business in the

---

[1] Soverain filed a reply to AT&T's response on December 5, 2017. AT&T, Inc. filed a surreply on December 12, 2017. The Court will not consider these additional briefings because the parties did not comply with the local rules of this District before filing. *See* E.D. Tex. Local R. 72(c) ("Objections to reports and recommendations and any response hereto shall not exceed eight pages. No further briefing is allowed absent leave of court.").

District should be imputed to AT&T Inc. and that, instead, the Court should find venue is proper for AT&T Inc. under an agency-relationship theory. Docket No. 35 at 2-6.

The Court disagrees. As the Report and Recommendation explains, a subsidiary's presence in a venue cannot be imputed to a parent unless the corporations disregard their separateness and act as a single enterprise. Docket No. 34 at 1–2 (citing Federal Practice & Procedure § 3823 & nn.24–26; *Cannon Manufacturing Co. v. Cudahy Packing Co.*, 267 U.S. 333, 334–35 (1925)). Soverain objects to the Magistrate Judge's reliance on *Cannon*, citing to a number of post-*Cannon* district court opinions, *infra*, to argue that the formal separation inquiry has since been abandoned. Docket No. 35 at 3–4. These cases, however, are inapposite because they address corporate separation as it relates to the "minimum contacts" standard for personal jurisdiction (*In re Telectronics Pacing Sys.*, 953 F. Supp. 909, 916–17 (S.D. Ohio 1997); *Fin. Co. of Am. v. Bankamerica Corp.*, 493 F. Supp. 895, 903–07 (D. Md. 1980); *Meredith v. Health Care Products, Inc.*, 777 F. Supp. 923, 926 (D. Wyo. 1991); *Superior Coal Co. v. Ruhrkohle*, 83 F.R.D. 414, 421 (E.D. Pa. 1979); *Avery Dennison Corp. v. UCB SA*, No. 95 C 6351, 1997 WL 441313, at *1 (N.D. Ill. Mar. 11, 1997)), or the "doing business" standard for general venue (*Echeverry v. Kellogg Switchboard & Supply Co.*, 175 F.2d 900, 902–03 (2d Cir. 1949)). *See* Docket No. 35 at 3–4. Soverain does not point to any cases where courts have imputed the "regular and established place of business" of a subsidiary to a corporate affiliate under an "agency" theory, much less point to any authority to support its contention that "[a] proper analysis of imputing venue proceeds on an agency or blending of identities theory." *Id*. at 4.

To the contrary, as one court has recognized after *TC Heartland* and *In re Cray*, for a "regular and established place of business" of a subsidiary to be imputed to a corporate relative, there must be a lack of formal corporate separateness. *See Symbology Innovations,*

*LLC, v. Lego Systems, Inc.*, No. 2:17-CV-86, 2017 WL 4324841 (E.D. Va. Sept. 28, 2017). Soverain points to nothing in the record to indicate a specific or unusual circumstance that justifies ignoring the corporate separateness of AT&T Inc. and AT&T Services. *See* Docket No. 34 at 2. Nor is the Court persuaded that Soverain should be permitted to conduct venue-related discovery, especially in the face of AT&T Services, Inc.'s uncontroverted declaration that AT&T Inc. is a "legally and factually separate corporate entity" and that each AT&T Inc. subsidiary "maintains its own independent corporate, partnership, or limited liability company status, identity, and structure." Long Decl. ¶ 2, Docket No. 18-1.

Having made a *de novo* review of the written objections filed by Soverain in response to the Report and Recommendation, the Court concludes that the findings and conclusions of the Magistrate Judge are correct. Accordingly,

It is **ORDERED** that Soverain's objections (Docket No. 35) are **OVERRULED**. The Court **ADOPTS** the Magistrate Judge's Report and Recommendation (Docket No. 34) in its entirety.

It is further **ORDERED** that AT&T Defendants' motion to dismiss (Docket No. 18) is **GRANTED-IN-PART** as to AT&T Inc., and **DENIED-IN-PART** as to AT&T Services, and that AT&T Inc. is accordingly **DISMISSED WITHOUT PREJUDICE.**

SIGNED this 18th day of December, 2017.

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE